[Civ. No. 3621. Second Appellate District Division One.—February 24, 1922.]

## ED. R. SMITH, Appellant, v. MARGARET R. CROWE et al., Respondents.

[1] LANDLORD AND TENANT — VACATION OF PREMISES BY TENANT — ASSUMPTION OF RELATION OF LANDLORD AND TENANT BY ASSIGNORS TOWARD SUBTENANT — EVIDENCE.—Where the evidence shows that the plaintiff, who was the lessee of certain premises, moved out of the rooms actually occupied by him on the date agreed upon with his assignees, and that thereupon the latter took possession thereof and voluntarily assumed the relation of landlord and tenant toward a subtenant of plaintiff, who had remained in possession of a portion of the premises, and claimed the right to recover rent from him, the evidence would warrant a finding that plaintiff did vacate the premises on the agreed date and that

thereafter his assignees were, at least constructively, in possession of the entire premises. Therefore the granting of a nonsuit was erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Reversed.

The facts are stated in the opinion of the court.

Carrol Allen and Robert F. Shippee for Appellant.

Rosecrans & Emme for Respondents.

CONREY, P. J.—The plaintiff was the owner of a lease on real property for a two-year term expiring on the sixteenth day of December, 1920, with the option to continue in possession for an additional two years; all at the monthly rental of $35. On the sixteenth day of April, 1920, plaintiff assigned this lease to the defendants. At the same time an agreement in writing was made between the assignor and the assignees, which recited that the sum of $1,000 has been paid for the assignment, and stated "that the $600 balance due for the assignment of lease, shall be paid to E. R. Smith, on or before June 1, 1920, provided he vacates the premises by that date." This action to recover said sum of $600 was commenced on the fifteenth day of July, 1920. After trial of the action, judgment was entered in favor of the defendants. The plaintiff appeals from that judgment.

It is to be inferred from the written agreement, and the fact is not disputed, that the total purchase price for the assignment of lease was $1,600. It was found by the court that the defendants agreed to pay said price and that the balance of $600 was to be paid as stated in said writing. The court further found that the plaintiff did not vacate the premises described in the complaint on or before June 1, 1920, and that the defendants are not indebted to the plaintiff in said sum of $600, or in any sum whatever. The judgment, however, was not based upon this finding, but upon an order granting a motion for nonsuit.

[1] At the time of the assignment and contract, the plaintiff was occupying and residing in the first story of the leased house. His subtenant, one Dr. Thatcher, was in possession of the upper story. On June 1, 1920, the plaintiff

moved out of the rooms actually occupied by him, and the defendants took possession thereof a day or two later.. Dr. Thatcher claimed the right to remain in possession under his sublease, which ran until September 30, 1920. The plaintiff paid to the defendants (who had purchased the property from the owner) the sum of $35, rent for the month of May. Thatcher moved out late in September. It was stipulated that the defendants filed an action against Thatcher and obtained judgment against him for the sum of $350 on account of rental from the eighth day of May, 1920, to the seventh day of October, 1920, being the amount stated in a notice of date September 20, 1920, wherein the defendants required Thatcher to pay the demanded rent within three days of the service of that notice, or deliver up possession of the premises to them.

Assuming it to be true, as contended by the defendants, that by reason of said possession retained by Thatcher, the plaintiff did not actually and completely vacate the leased premises on the first day of June, 1920, it does not follow that he lost his right to recover the unpaid balance of $600 agreed to be paid him for the assignment of the lease. They voluntarily assumed the relation of landlord and tenant toward Thatcher, and claimed, and successfully asserted, the right to recover rent from him. By their own act they were, at least constructively, in possession of the entire premises on and after June 1, 1920. Therefore, for all practical purposes of the agreement, Smith did vacate the premises on the first day of June.

As before suggested, the judgment rests upon an order for nonsuit made by the court at the close of the evidence introduced on the part of the plaintiff. Although findings of fact were signed and filed, the judgment refers solely to the order of nonsuit, and does not mention the findings. Construing the evidence most favorably to the plaintiff, as we must do in determining the merits of an order of nonsuit, we think that the evidence would have warranted the court in finding that the plaintiff did vacate the premises on the first day of June, in accordance with the conditions of the contract.

The judgment is reversed.

Shaw, J., and James, J., concurred.